COMMERCIAL CREDIT COMPANY OF BALTIMORE, APPEL-
LANT, v. FRANK VINEIS, RESPONDENT.

Submitted January 26, 1923—Decided April 6, 1923.

1. The common law distress proceedings are entirely personal and
   are not proceedings in a court of law.
2. A sale by the agent of the landlord of distrained goods confers
   upon the purchaser no greater right or title than the landlord
   himself had therein.
3. A landlord who seized and sells goods of his tenant under dis-
   tress for rent, is not a creditor who has acquired by attachment
   or levy a lien upon the goods, under the provisions of the Uni-
   form Conditional Sales act (*Pamph. L.* 1919, *p.* 461), which
   declares that where property in goods is reserved in the seller
   after possession is delivered to the buyer, such reservation shall
   be "void as to any  *  *  *  creditor of the buyer, who without
   notice of such provision  *  *  *  acquires by attachment or
   levy a lien upon them before the contract or a copy thereof shall
   be filed."

On appeal from the Paterson District Court.

For the appellant, *Abraham I. Feltman.*

For the respondent, *Nathan Rabinowitz.*

Argued by consent before

MINTURN, J.  The Hartmeier-Riger Company, a corpora-
tion of New Jersey, sold to the Ausonia Drug Company a
Ford car under a conditional bill of sale dated May 11th,
1922.  The owner company on the same day made an assign-
ment of its interest in the bill of sale to the plaintiff, a com-
mercial credit company.  The Ausonia Drug Company de-
faulted in the payment of the third installment due upon the
contract of sale.  Neither the bill of sale nor the assignment
thereof was recorded, and thereby was furnished the occasion
for this suit and its incidental difficulties.

The Ausonia Drug Company was a tenant of one Botta,
and the company having failed to pay its rent, Botta dis-

trained upon the goods and chattels of the drug company, including the Ford car. At the sale under the distress proceedings, the defendant bought the car, and in this conjunction of circumstances, we are confronted with the remarkable and unusual spectacle of a Ford car in actual distress, from the legal mire of which disaster the plaintiff by this action in replevin seeks to extricate the vehicle. The defendant insists that he is an innocent purchaser under a levy by a creditor, and that he is thereby protected in his purchase by the terms of the Uniform Conditional Sales act. *Pamph. L.* 1919, *p.* 461. The District Court so held, and hence the appeal.

The reasoning of the earlier adjudications concerning this question as applied to the act of 1898 (*Pamph. L., p.* 699) would seem to militate against the conclusion of the defendant and the District Court. *Reischman* v. *Masker,* 69 *N. J. L.* 353; *Levinson* v. *Godfrey,* 79 *Id.* 212.

In the latter case this court declared: "The appellant cannot bring himself within any of the statutory classes, in whose interest the recording of a bill of conditional sale is made necessary in order to be valid, for it is manifest from the record that at the time of trial of this claim, the plaintiff in attachment was not a judgment creditor."

The distinction made by the act of 1898, as pointed out by the court, was that one might be a creditor but not a judgment or attaching creditor, and, therefore, was not within the legal scope of the terms of the recording act. The pertinent portion of the act of 1919 is, that in the situation contemplated by the act, such sale shall be "void as to any purchaser from, or creditor of, the buyer, who, without notice of such provision (*i. e.,* reserving property in the seller after possession of goods is delivered to the buyer), purchases the goods or acquires by attachment or levy a lien upon them ·before the contract or a copy thereof shall be filed."

The legal status of the defendant in order to succeed, must be predicated upon the fact that within the language of the act he is a creditor who has acquired "by attachment or levy a lien" upon the property. In this instance the landlord as a creditor possessed neither an attachment nor a levy, nor did

his right to distrain confer those legal procedural powers upon him. He possessed only an exceptional privilege conferred by ancient law and recognized by statute of seizing and selling, within a limited period, the goods of his tenant found upon the demised premises. This statutory language inherited from centuries of legal application has a fixed and determinate meaning peculiar to legal procedure; and, obviously, imports the precedent institution of a legal proceeding in a court of law or equity as a basis for the existence of the writ and a levy thereunder. 25 *Cyc.* 206, and cases; 6 *C. J.* 42, and cases; 17 *R. C. L.* 102, and cases.

A statute, therefore, containing such well-defined legal terms with reference to the determination of legal rights *inter parles* must be strictly construed, and its plain legal meaning cannot be extended by implication. *Wooley* v. *Geneva Co.,* 59 *N. J. L.* 278.

A distresss warrant issued by a landlord to his bailiff was entirely a personal proceeding at common law; arose out of the early feudal conception of self-help, and stands the sole surviving relic in modern statutory law of the absolutism incident to the ancient feudal doctrine governing land tenures. 2 *Poll. & Mait. Eng. L.* 574.

The landlord might have exercised this right of distress and sale himself, but for convenience delegated the power to a bailiff, and thereby created *inter sese* the legal relationship of principal and agent. *Big. Hist. Pro.* 202.

A sale by the agent of the distrained goods conferred upon the purchaser no greater right or title than the landlord himself possessed; but in no phase of the procedure was the power, jurisdiction or procedure of a court of law involved so as to enable any party to the transaction to invoke the well-known processes or terms of the legal forum as applicable to the execution of procedure entirely private in its nature and origin.

The result is that the judgment appealed from will be reversed.