CHARLES E. ENDLER, APPELLANT, v. COMMERCIAL CREDIT CORPORATION, A CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, RESPONDENT.

Submitted November 1, 1928—Decided February 4, 1929.

For the appellant, *Weinberger & Weinberger.*

For the respondent, *Green & Green.*

The opinion of the court was delivered by

McGLENNON, J.   This is an appeal from a judgment entered on a verdict directed for the defendant in the Passaic Circuit.

On June 7th, 1926, John J. Dorohovic bought a Star coupe automobile, from Berger and Bream, dealers in automobiles.   It was a conditional sales contract.   The seller reserving title until the car was completely paid for, and providing that in the event of a default in payment or levy under execution, the seller might retake possession of the car wherever found.

The seller, Berger and Bream, then assigned the contract to the Commercial Credit Corporation, and the agreement was duly filed with the clerk of Bergen county, on June 26th, 1926, as the buyer, Dorohovic, then resided in Wallington.

Dorohovic paid a few installments, but defaulted on December, 6th, 1926.   The Commercial Credit Corporation, then sent its representative to Wallington, Bergen county, to collect the installments in arrears from Dorohovic, but could not locate him.   Dorohovic was later located at Cedar Knolls, Morris county, and the car was found in his garage at that place. This was on February 14th, 1927.   The Commercial Credit Corporation then took possession of the car, and removed it to a garage in Essex county.   As a precautionary measure, defendant company refiled a copy of said conditional sale contract, on February 23d, 1927, with the clerk of Morris county.

In the meanwhile, plaintiff became holder of a judgment against Dorohovic, and placed execution in the hands of the sheriff of Morris county, who levied on the right, title and interest of Dorohovic in the aforesaid automobile.   The sheriff of Morris county, then sold the car at public auction to plaintiff on February 1st, 1927, and gave him a bill of sale for the same.   Plaintiff relies for his title on this bill of sale,

but made no demand for possession of the car on the Commercial Credit Corporation, but according to the evidence, did make a demand for such possession on Berger and Bream, who by virtue of an assignment, had no longer any interest in the matter.

The trial judge, after hearing the evidence, and finding no disputed questions of fact, directed a verdict in favor of the defendant Commercial Credit Corporation, and against the plaintiff, Charles E. Endler.

From such a finding and verdict, this appeal is taken, and the only error complained of is that the trial court erred in directing a verdict in favor of the defendant, and against the plaintiff.

Plaintiff contends that there was a jury question involved, and that it was the duty of the jury to determine whether or not the conditional bill of sale was recorded in the office of the clerk of the county of Morris, within ten days after receiving notice of the removal. This therefore necessarily presents the question as to what constitutes a removal within the meaning of the act. This question was clearly and definitely settled in an opinion by Mr. Justice Katzenbach, in the case of *Hare & Chase, Inc.*, v. *Tomkinson,* 129 *Atl. Rep.* 396.

Considering the conclusions reached in that case, we are, therefore, of the opinion that there was no removal in the present case, within the meaning of the Conditional Sales act, and as the undisputed fact appears, that the Commercial Credit Corporation had no notice that the car was not in Wallington, Bergen county, until February 14th, 1927, and filed with the clerk of Morris county, a copy of said conditional sales contract on February 23d, 1927, we conclude that the trial court, upon this state of facts, properly directed a verdict for the defendant, and the judgment will therefore be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.