COMMERCIAL CREDIT CORPORATION, RESPONDENT, v. JOSEPH COLANDO, TRADING, ETC., APPELLANT.

Argued May 22, 1940—Decided October 10, 1940.

For the appellant, *Martin J. Di Maria* (*James A. Major,* of counsel).

For the respondent, *H. Kermit Green.*

The opinion of the court was delivered by

PARKER, J.   The case was tried before a Circuit Court judge, sitting without a jury, on a stipulation of facts.   It arises out of a contract of conditional sale of an article of personal property—in this case a motor car—made in New York State, but not filed in pursuance of the Conditional Sales statute of that state, which, as to questions here involved, is substantially similar to our own act, *Pamph. L.* 1919, *p.* 461, now *N. J. S. A.* 46:32.   The motor car was brought into New Jersey, and was levied upon under a District Court judgment previously recovered by the appellant Colando against Merlo, the conditional vendee.   The Commercial Credit Company, claiming under the conditional vendor by assignment, brought this action in replevin based on certain forfeiture provisions in the conditional contract of sale, and recovered the judgment of possession now under appeal.

The question is as to the effect to be given to the contract of conditional sale under the circumstances of the case.

If the car had been in New York and the levy made there, it is clear that the levy would be good as against the conditional vendor or his assignee, because of failure to file the contract or a copy thereof.

If the stipulation of facts showed that the car had been "removed" to a filing district in New Jersey, our statute would apply, and the levy would be subject to plaintiff's rights under the contract of conditional sale, because the stipulation shows that a copy of that contract was "filed in the filing district to which the goods were removed" within the statutory ten days after notice of removal into the district.   *Pamph. L.* 1919, at *p.* 466, § 14, now *N. J. S. A.* 46:32-20.

But the stipulation does not show a "removal" in the statutory sense.   On the contrary, it is discreetly vague on the question of removal, and states merely that "the said auto-

mobile was physically located at the time of the levy" in Bergen county.

We have, therefore, the presence in New Jersey, apparently transitory, of a piece of personal property, the subject of a contract of sale with reservation of title in the seller or his assignee. That reservation is not good in New York because of the local statute. But, as Judge Caffrey held in the court below, and as we think correctly, the New York statute does not follow the property into New Jersey, where our law would apply so far as applicable. Of this, the language about "removal" from another state to this state, in section 14 of the act of 1919 is an apt illustration. Now section 4 of that act, now *N. J. S. A.* 46:32-10, but as in force in 1936, provides that "every provision in a conditional sale reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided." It is not provided that conditional sale contracts made in another state and invalid in certain respects under the law of that state for non-filing, shall be invalid here: and we find in our act no provision requiring filing in this state of a conditional sale contract where the *situs* of the property is elsewhere and it is in this state as a merely transitory matter: while there is provision covering cases of "removal," *i. e.,* change of situs, as, for example, in the Supreme Court case of *Hare & Chase* v. *Tomkinson,* 129 *Atl. Rep.* 396, in which the late Mr. Justice Katzenbach sat alone, but which was expressly approved by this court in *Endler* v. *Commercial Credit Corp.,* 105 *N. J. L.* 474; 144 *Atl. Rep.* 582.

We conclude, therefore, that section 4 is applicable and that the case was rightly decided in the Supreme Court, and the judgment of that court is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.