## In re KOIZIM.

### No. 4280a.

District Court, D. New Jersey.

Oct. 28, 1943.

Goldstein & Goldstein, of W. New York, N. J., for petitioner.

Abraham Lieberman, of Union City, N. J., for receiver.

George Rothstein, of Union City, N. J., for bankrupt.

SMITH, District Judge.

This matter is before the court on a petition for review filed herein by the Interstate Building Corporation, the petitioner, pursuant to Section 39, sub. c, of the Bankruptcy Act, 11 U.S.C.A. 67, sub. c. The facts essential to the determination of the questions here presented are not disputed.

On January 7, 1941, the petitioner leased the premises at 6135 Bergenline Avenue, West New York, New Jersey, to Hyman Koizim, the bankrupt, who thereafter entered into possession of the said premises and continued in possession thereof until January 26, 1943, when he was adjudged a bankrupt. On February 7, 1941, the bankrupt, under the laws of the State of New Jersey, organized the "National Cutrate 5¢ to $1.00 Stores", a corporation of which he was the sole stockholder. The business of the bankrupt, although thereafter conducted under the corporate name, was, in fact, owned and conducted by him individually. The corporate entity, except as the alter ego of the bankrupt, was disregarded.

On January 9, 1943, the petitioner executed and delivered to one John Bertone a distress warrant which authorized him, as its attorney and bailiff, "to distrain the goods and chattels of National Cutrate 5¢ to $1.00 Stores" for the rent, then past due, for the months of December 1942 and January 1943. The said bailiff, pursuant to the authority thus granted, entered upon the leased premises and distrained the

goods and chattels there found, the property of the bankrupt. Thereafter, on January 26, 1943, but after Hyman Koizim had been adjudged a bankrupt, the goods and chattels were sold at a public sale. The petitioner later acquired title to and possession of the said goods and chattels. The present litigation followed.

The referee in bankruptcy, on the application of the receiver, and after hearing, entered an order directing the petitioner to surrender to the said receiver the goods and chattels seized under the distress warrant. The referee, having properly determined that the goods and chattels were in fact the property of the bankrupt, concluded that the distraint was invalid because of the absence of the necessary landlord and tenant relationship between the petitioner and the "National Cutrate 5¢ to $1.00 Stores." The conclusion was erroneous and was apparently predicated upon the mistaken impression that the distress warrant, which was obviously defective, vitiated the distraint.

The statute, R.S. 2:58–34, N.J. S.A. 2:58–34, vests in the landlord or "his duly authorized agent" the right to enter upon the leased premises and distrain "the goods and chattels of his tenant." This right, which is of common-law origin, is a personal right which may be exercised by the landlord without resort to either a formal procedure or a court of law. Commercial Credit Co. v. Vineis, 98 N.J.L. 376, 120 A. 417, and other cases hereinafter cited. The "distress warrant" is nothing more than a power of attorney by which the landlord delegates the exercise of his right to his "duly authorized agent." Id. The form of the warrant is unimportant. National Cash Register Co. v. Ansell, 125 Pa.Super. 309, 189 A. 738, 739, 743, and the cases therein cited. A defect in the warrant, such as existed here, is not fatal to the right of the landlord.

There was between the petitioner and the bankrupt a landlord and tenant relationship, and the petitioner, in the exercise of its lawful right, entered upon the leased premises and distrained, not the goods and chattels of the National Cutrate 5¢ to $1.00 Stores, but the goods and chattels of the bankrupt. The distress warrant, with its impressive language and formidable red seal, may have contributed to the formality of the proceedings but it added nothing to their legality. The lawful enforcement of the lien as thus per-

fected was prevented only by the intervention of the bankruptcy. This lien, however, on the goods and chattels actually distrained, must be recognized and accorded priority. In re West Side Paper Co., 3 Cir., 162 F. 110, 15 Ann.Cas. 384; Shalet v. Klauder, 3 Cir., 34 F.2d 594; In re Braus, D.C., 233 F. 835.

The sale of the goods and chattels by the petitioner after the intervention of the bankruptcy was in violation of the Bankruptcy Act, but there appears no reason to disturb it unless it appears to the referee in bankruptcy that the price obtained was inadequate. If it shall so appear, the petitioner shall surrender the goods and chattels to the receiver for resale, and there shall be paid to him from the proceeds thereof the full amount of his lien less only the actual costs incurred. If, however, the price was adequate, the petitioner shall be allowed the full amount of his claim, and the balance, if any, shall be paid into the bankrupt estate. There appears to be no necessity for discussing the question of jurisdiction.

The order heretofore entered by the referee in bankruptcy is reversed and the matter is referred to him for further proceedings consistent with this opinion.