[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 565 
Plaintiff sues to recover the possession of a palace house trailer, 1937 model, serial number 1704, together with all equipment.
On January 22, 1947, Edna Covey sold to Steven M. Gray the above described trailer. The contract of sale was executed and the sale was consummated in the State of Florida. The contract of sale, in part, provides as follows:
"The undersigned seller hereby sells, and the undersigned purchaser, * * * hereby purchases, subject to the terms and conditions hereinafter set forth, the following property, complete with standard attachments and equipment, delivery and acceptance of which is hereby acknowledged by purchaser, viz:
USED — PALACE HOUSE TRAILER — 1937 MODEL — SERIAL
NUMBER 1704 — ALL EQUIPMENT.
For a total price of .................................... $1425.68
Payable in an amount on or before delivery of ........... 550.00
Leaving a deferred balance of ........................... 875.68
Payable at the office of Motor Credit Corporation of
 Michigan to be hereafter designated in installments
 of 16 at .............................................. 54.73
 * * * * * * *
1. Title to said property shall not pass to purchaser until said amount is fully paid in cash.
2. * * * assignee shall be entitled to all the rights of seller.
3. In the event purchaser defaults on any payment due on this contract or fails to comply with any condition of this contract * * * the full amount shall be immediately due and payable; * * *.
4. * * *
5. Purchaser shall keep said property free of all taxes, liens and encumbrances; * * * shall not remove same from the State without permission of the holder of this contract; * * *. *Page 566 
6. Time is of the essence of this contract, and if purchaser default in complying with the terms hereof, * * * seller * * * may take immediate possession of said property without demand * * *."
The seller, Edna Covey, assigned the aforesaid conditional sale contract to the plaintiff, the present holder thereof.
The purchaser, Steven M. Gray, defaulted in the payment of installments falling due under the contract, and, as the result thereof, there is now due the plaintiff on account of the purchase price of the said trailer the sum of $492.50 The said purchaser also removed the said trailer from the State of Florida to Fort Lee, Bergen County, New Jersey, without the consent of or knowledge of the plaintiff.
On May 20, 1948, the plaintiff for the first time learned that the said trailer was located at 1500 Bergen Boulevard, Fort Lee, Bergen County, New Jersey. On May 28, 1948, a copy of the aforesaid conditional sale contract was filed with the Clerk of Bergen County.
On August 1, 1947, the aforesaid purchaser leased from the defendant a part of the premises aforesaid at 1500 Bergen Boulevard, Fort Lee, at a rental of $20 per month, and parked the trailer there. The said purchaser owes the defendant $220 as unpaid rent for said premises.
The defendant claims a lien on said trailer for the rent due it from the purchaser, which lien the defendant claims is superior to any right which the plaintiff may have to the property.
Defendant contends that the assignee, or present holder, of the conditional sale contract is a corporation of the State of Michigan, whereas the plaintiff is a corporation of the State of Delaware, and, therefore, the plaintiff has no rights under the said contract. In the caption of the complaint the plaintiff's name appears as the "Motor Credit Corporation, a corporation of the State of Delaware." The complaint alleges that the plaintiff is the holder of the conditional bill of sale, a copy of which is annexed thereto. The said conditional bill of sale annexed to the complaint names the "Motor Credit Corporation of Michigan" as the assignee thereof. The fact is that the correct name of the plaintiff *Page 567 
is the "Motor Credit Corporation of Michigan," and it is a corporation of the State of Delaware. The complaint clearly and definitely designates the proper party plaintiff. In the case ofMorisse v. Billau et al., 70 Ohio App. 215, 45 N.E.2d 798, the court held that the complaint, not the caption, determines the parties to the action. To the same effect see the case ofWatson v. Burnett, 216 Ind. 216, 23 N.E.2d 420, and Evanset al. v. Scott Powell Dairies, Inc., 344 Pa. 595,26 A.2d 449. In the case of McGarvey v. Atlantic City Shore R.R. Co.,123 N.J.L. 281, the Court of Errors and Appeals approved the action of the court below in permitting a correction of plaintiff's name. If the complete corporate name of a party to an action does not appear in the pleadings, an amendment correcting such misnomer by adding the words necessary to complete the corporate name will be allowed, and such an amendment does not have the effect of adding a new party. Therefore, an order may be entered correcting the name of the plaintiff in this case.
Section 46:32-10 of the Revised Statutes provides that:
"Every provision in a conditional sale reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as otherwise provided in this chapter."
The defendant's lien against the trailer is subject to the plaintiff's rights under the conditional sale contract (Commercial Credit Corp. v. Colando, 125 N.J.L. 285;Commercial Credit Co. v. Vineis, 98 N.J.L. 376).
Judgment will be entered in favor of the plaintiff for the possession of the goods and chattels described in the complaint, to wit, a palace house trailer, 1937 model, serial number 1704, and all equipment, but without costs, since the parties have agreed that neither party shall be liable for costs. *Page 568