COLFAX MANOR GARDENS, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ALLIED VAN LINES, INC., A CORPORATION OF DELAWARE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 16, 1960—Decided June 3, 1960.

Before Judges GOLDMANN, CONFORD and HANEMAN.

*Mr. Joseph A. Pennica* argued the cause for appellant.

*Mr. Monroe Jay Lustbader* argued the cause for respondent (*Messrs. Lustbader & Lustbader,* attorneys).

The opinion of the court was delivered by
HANEMAN, J. A. D.   Defendant appeals from a final judgment of the Union County District Court in favor of plaintiff for the sum of $248.40.

Plaintiff, a landlord, commenced this action for treble damages pursuant to *N. J. S.* 2A:33–16 against defendant, a moving van company, which removed the property of a tenant that had been distrained for non-payment of rent. *N. J. S.* 2A:33–16 reads as follows:

"A person aggrieved by any pound breach or rescue of any property distrained for rent and impounded or otherwise secured by virtue of this chapter, shall in an action at law recover treble damages and costs of any action against the offender or the owner of the property distrained, if it be afterwards found to have come into his use or possession."

The tenant's goods and chattels had been distrained by a constable of Essex County, who posted a notice of distress at the apartment in which the goods were located.   Although

no official distress warrant was served on or exhibited to the defendant moving company, it was given oral notice of the distraint by the plaintiff's superintendent before the removal. In spite of this actual knowledge, defendant proceeded with the removal.

The judgment rendered for plaintiff represents only double damages and not the treble damages to which it was entitled under the terms of *N. J. S.* 2A:33–16. However, plaintiff herein does not seek an increase in its award, and apparently is satisfied with the judgment of the trial court as it was entered.

The defense propounded by defendant at the trial of the instant case was that some *official* notice was necessary, and that the oral notification was insufficient. "[I]t was entitled," contended the defendant, "to [the] same notice as that given to the tenant, namely, a written notice personally served."

■■ For the first time on this appeal, defendant raises an additional and new defense. It now maintains that *N. J. S.* 2A:33–16 does not justify recovery in the case *sub judice* because while there was a distraint, the goods and chattels were not "impounded or otherwise secured" in accordance with the statutory prerequisites. It is now fundamental that our appellate courts will not consider a point not raised and considered in the trial court, unless it involves a question of jurisdiction or public policy. *Reynolds Offset Co., Inc. v. Summer*, 58 *N. J. Super.* 542 (*App. Div.* 1959); *Domestic Fuel Co. v. American Petroleum Corp.*, 6 *N. J.* 538 (1951). We therefore will not consider defendant's newly raised defense.

■ Defendant's contention that it was entitled to a personally served written notice of the distraint is without merit. *N. J. S.* 2A:33–16 does not *expressly* require notice of any kind, and the notice provisions of *N. J. S.* 2A:33–9 and *N. J. S.* 2A:33–10, dealing with inventory, appraisal, and sale of distrained property, are inapplicable here. The fact of the making of the distraint is required to be noticed

only by the leaving of a notice at "the main dwelling house or other most conspicuous place on the premises * * *." *N. J. S.* 2*A* :33–9. Such notice was here given. It has been held, however, that there will be no liability for treble damages and costs under *N. J. S.* 2*A* :33–16 for a pound breach unless the defendant had knowledge of the distraint when he took the property. *Cadmus v. Barney,* 42 *N. J. L.* 346 (*Sup. Ct.* 1880). Nevertheless, no New Jersey case has ever held that oral notice of the fact of distraint was insufficient. To the contrary, the cases, at least impliedly, have accepted as a matter of course the adequacy of oral notice of a distraint for the purposes of liability under *N. J. S.* 2*A* :33–16. See, for example, *Van Horne v. Brown,* 85 *N. J. L.* 544 (*Sup. Ct.* 1914) ; *Elkman v. Rovner,* 133 *N. J. Eq.* 93 (*Ch.* 1943). This is also the implication of *Cadmus, supra* (42 *N. J. L.,* at *page* 346). We therefore hold that when defendant moving company, having actual notice of the distraint prior to removal, proceeded nevertheless to remove the distrained property from the tenant's apartment, it thereby committed a pound breach under the provisions of *N. J. S.* 2*A* :33–16.

Judgment for plaintiff is affirmed.