121 N.J. Super. 346 (1972)
297 A.2d 23
ERNEST ZANKMAN, PLAINTIFF,
v.
TIRENO TOWERS AND CARMELO LUPPINO, DEFENDANTS.
Superior Court of New Jersey, Bergen County District Court.
Decided November 10, 1972.
*347 Mr. Edward Goldberg, attorney for plaintiff.
Mr. August Landi, attorney for defendants.
HUOT, J.D.C.
This case involves a claim for damages for an alleged unlawful entry and distraint. Plaintiff Ernest Zankman entered into a two-year lease with defendants Tireno Towers Corporation and its president, Carmelo Luppino, for the rental of an apartment in Tireno Towers. Plaintiff executed the lease in his own name and in the name of New Jersey Steel Products Co. He intended to use the apartment not only as a residence but also as a place to make and receive business calls and correspondence. The lease was executed on September 27, 1971 and plaintiff took possession of the apartment on October 1, 1971. He paid the November rent but failed to pay the December rent when it became due on December 1, notifying defendants that he would be late. On December 29 or 30, plaintiff received a telegram advising him that unless the rental payment for December was received by 11 A.M. on December 30, arrangements would be made to padlock his apartment. On December 30 plaintiff was ill and left his apartment to fill a prescription given him by his *348 doctor. While he was at the drugstore, his apartment was padlocked. He was not allowed to remove his furnishings until January 8, 1972. Plaintiff contends that the entry and padlocking of his apartment and the distraint of his furnishings was unlawful.
The outcome of this controversy rests upon the construction to be given N.J.S.A. 2A:39-1 and N.J.S.A. 2A:33-1. N.J.S.A. 2A:39-1 is captioned "Unlawful entry prohibited" and provides in part:
* * * With regard to any real property occupied solely as a residence by the party in possession, such party shall not be made in any manner without the consent of the party in possession unless the entry and detention is made pursuant to legal process * * *
N.J.S.A. 2A:33-1 concerns distraints and provides in part:
* * * No distraint shall be permitted for money owed on a lease or other agreement for the occupation of any real property used solely as a residence of the tenant.
The question presented is whether plaintiff occupied his apartment "solely as a residence" within the meaning of the two statutes. Plaintiff executed the lease in his own name and in the name of New Jersey Steel Products Co. He made some incidental use of the apartment in his capacity as a salesman. Do these facts remove this apartment from the protection afforded by the statutes?
Preliminarily, it should be noted that the terms of the lease involved herein provide that the landlord may change the locks on the doors and take possession of the apartment in the event of any default of the terms of the lease. A landlord may not provide in his lease to do that which the law forbids. Statutes suspending or restricting a landlord's remedy to recover possession of leased premises from the tenant are a legitimate exercise of the police power of the State. Wagner v. Mayor, etc., Newark, 42 N.J. Super. 193 (Law Div. 1956).
*349 The question posed in the instant matter is whether this apartment was being used "solely as a residence" within the contemplation of the statutes. The inquiry is narrowed to the application of this phrase to the facts involved, because if the apartment comes within the purview of the statutes, as quoted above, the acts of defendant landlord were patently violative of the statutes.
In construing a statute we are to give the statutory language its ordinary meaning. "Residence" may be defined as "the place in which one lives; a dwelling; an abode." American Heritage Dictionary of the English Language, (1st ed. 1969, 1970). The same dictionary defines "solely" as "1. alone, singly. 2. Entirely; exclusively." Initially, the strict meaning of these words would indicate that any use of the premises for other than exclusively residential purposes would remove the apartment from the protection of the two statutes involved herein. But this court is mindful of the fact that the statute must be viewed as a whole in an effort to ascertain its objective and policy. "It is the obvious reason of a law that gives it life, not the strict, literal sense of terms." Joseph v. Moore, 102 N.J. Super. 598 (Law Div. 1968). "The reason of the statute, i.e., the motive which led to the making of it, is one of the most certain means of establishing the true sense of the words." Fidelity Union Trust Co. v. Berenblum, 91 N.J. Super. 551 (App. Div. 1966). To advance the objective and policy of these statutes the court must not give so restricted an interpretation to the legislative language. The Legislature was concerned with safeguarding the integrity of a person's dwelling. The apartment that is involved here was plaintiff's residence in every sense of the word. He ate there, slept there and kept his personal belongings there. That he also signed his company name on the lease and made business calls from his apartment did not make it any less his "residence," as the Legislature contemplated that word.
*350 In summary, this court holds that the apartment rented by plaintiff was used "solely as a residence" within the meaning of N.J.S.A. 2A:39-1 and N.J.S.A. 2A:33-1. The entry by defendants and their distraint of plaintiff's furnishings constituted a violation of those statutory provisions.
The court finds that plaintiff has sustained damages for food and clothing by reason of defendants' actions in the amount of $120. Under the provisions of N.J.S.A. 2A:39-8, which provides for damages for unlawful entry, plaintiff is entitled to treble damages of $360 for defendants' violation of N.J.S.A. 2A:39-1. He is also entitled to $120 for defendants' unlawful distraint under N.J.S.A. 2A:33-1.
Plaintiff also claims that he sustained a loss of income by reason of defendants' actions. The court finds no merit in this claim since the only business use made of the property was the use of the telephone, and plaintiff's assessment of damages is too speculative.
Defendant has asked for damages for alleged damage done to their apartment by plaintiff. The court has studied the photographs submitted and finds that there was no damage done to the apartment. Defendant is entitled to retain the security deposit given by plaintiff for December rent.
There will be a judgment for plaintiff and against defendants for $480.