125 N.J. Super. 221 (1973)
310 A.2d 117
IN THE MATTER OF MALVERN G. BURROUGHS, CHARGED WITH CONTEMPT OF COURT.
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MALVERN BURROUGHS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 10, 1973.
Decided October 11, 1973.
*222 Before Judges CONFORD, HANDLER and MEANOR.
Mr. Clifford N. Herbstman, attorney for appellant (Mr. Jerome I. Goer on the brief).
Mr. Sherwin D. Lester, Bergen County Prosecutor, attorney for the respondent (Mr. Adam Lawrence, Assistant Prosecutor on the brief).
PER CURIAM.
Defendant appeals two separate convictions of assault and battery (N.J.S.A. 2A:170-26) and contempt of court, which were consolidated. The separate charges were tried concurrently before a County Court judge, as a County Court proceeding with respect to the contempt charge and as a municipal court matter with respect to the disorderly persons offense. Upon the determination that defendant was in contempt, an appeal was taken directly to the Appellate Division. Following the determination of guilt of the assault and battery charge, defendant appealed this conviction to the County Court, which affirmed that conviction after a hearing de novo on the record below. This assault and battery conviction was then appealed to the Appellate *223 Division wherein it was consolidated with defendant's appeal from the judgment of contempt.
The charges stem from defendant's actions directed against Andrew Nicol, a constable of the Borough of River Edge who had been retained by a private law firm to serve a subpoena duces tecum upon defendant in connection with a pending civil action. The evidence appertained to Nicol's attempt to effectuate service upon defendant, initially at his home and later at his place of business, and defendant's conduct in resisting this service of process, including his physical contact with Nicol.
We find no merit in defendant's contention that Nicol under the circumstances was a trespasser and that this justified the use of "reasonable force" to eject him. Nicol, as an officer acting for the court, was entitled to effectuate service of civil process and to enter defendant's premises peaceably for that purpose; 62 Am. Jur.2d, Process, § 58 at 840; 72 C.J.S. Process § 34(d) at 1043. Also without merit is defendant's argument that the convictions were the result of an improper use of hearsay testimony.
Our independent examination of the record of the proceedings satisfies us that the convictions upon the respective charges were based upon sufficient credible evidence present in the record. State v. Johnson, 42 N.J. 146 (1964).
Affirmed.