129 N.J. Super. 507 (1974)
324 A.2d 102
VAN NESS INDUSTRIES, INC., PLAINTIFF,
v.
CLAREMONT PAINTING & DECORATING CO., DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided August 2, 1974.
*509 Mr. Elias Schneider for plaintiff (Messrs. Schneider and Spivak, attorneys).
Mr. Robert C. Pollock, Jr. for defendant.
GREENBERG, J.S.C.
In this action plaintiff challenges the validity of chapter 33 of Title 2A of the Revised Statutes authorizing nonjudicial distraints for rent, thus raising serious questions of procedural due process of law. See Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); D.H. Overmyer Co. v. Frick Co., 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972); Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, reh. den. 409 U.S. 902, 93 S.Ct. 177, 34 L.Ed.2d 165 (1972).
Plaintiff has brought this case against its landlord alleging water damage to its personal property situate in an office premises in Madison Township rented to plaintiff by defendant's predecessor in title. Plaintiff claims that defendant failed on demand either to correct the condition or compensate plaintiff for its loss. As a result of defendant's failure *510 plaintiff withheld rent, an action precipitating a distress by defendant, which plaintiff alleges to be unlawful by reason of excessiveness and to constitute a constructive eviction. Plaintiff further alleges that notwithstanding the distraint it has moved the goods distrained upon to another premises and that defendant threatens to seize the goods at the new location, thereby irreparably harming plaintiff. Plaintiff finally alleges that the distress constituted unlawful self-help violative of procedural due process of law, and that by reason of the distress plaintiff may not sell his goods so that its dominion over them has been diminished.
Defendant has filed a general denial of all allegations of the complaint, admitting only that plaintiff was in fact a tenant in the Madison Township premises and that it now owns them. Defendant also alleges as a separate defense that it "acted with legal justification and probable cause based upon the then existing circumstances."
Plaintiff now moves for partial summary judgment, "asking for a declaration that the distraint procedures as authorized by statute or by common law are unconstitutional." This application is supported as to the facts by an affidavit of Allen Hinkes, plaintiff's president, submitted with a prior application for a temporary restraining order. The affidavit sets forth that a distraint was in fact taken at the old location and that defendant threatens a seizure of the items at the new location. There being no contrary affidavits submitted, these allegations are taken as true for purposes of this motion. R. 4:46-2; R. 4:46-5. It should also be noted that while this court has restrained defendant from taking possession of the property "pending the final hearing in this cause or until the further order of this court," the constitutional argument is not moot since the restraint does not free plaintiff of disposing of the property without concern of liability in damages. N.J.S.A. 2A:33-21; N.J.S.A. 2A:33-16.
Distress is a common law right of the landlord, now regulated by statute, N.J.S.A. 2A:33-1 et seq., to seize a *511 tenant's goods and chattels in a nonjudicial proceeding to satisfy an arrears of rent. N.J.S.A. 2A:33-6. The procedure was described in Commercial Credit Co. v. Vineis, 98 N.J.L. 376 (Sup. Ct. 1923), as arising "out of the early feudal conception of self-help, and stands the sole surviving relic in modern statutory law of the absolutism incident to the ancient feudal doctrine governing land tenures." Id. at 378. There is no requirement for a prior hearing or notice before a distraint is made. Ordinarily the landlord designates a bailiff to act for him. The bailiff advises the tenant that his goods have been distrained, and posts a notice of distress at the premises. Colfax Manor Gardens, Inc. v. Allied Van Lines, Inc., 61 N.J. Super. 549 (App. Div. 1960). The tenant may then commence an action within ten days to recover the goods. N.J.S.A. 2A:33-9. If he fails to do so, the goods are then appraised and sold at public sale. N.J.S.A. 2A:33-9 and N.J.S.A. 2A:33-10. Thus, a judicial intervention or hearing is not a prerequisite to either the distraint or the sale although the tenant may seek to invalidate the proceeding either by way of a challenge to the right of the landlord to distrain or to the procedure followed. Further, a tenant may in an after-the-fact action seek damages for an unlawful distraint. N.J.S.A. 2A:33-17 and N.J.S.A. 2A:33-19.
Prior to the enactment of chapter 228 of the Laws of 1971, amending N.J.S.A. 2A:33-1, goods and chattels on any premises (subject, perhaps, to exceptions not relevant to this opinion, such as goods and chattels on a premises occupied by entities exempt from levy) were subject to distraint. By that section distraints were forbidden for money owed on a lease or other agreements for the occupation of real property used solely as a residence of the tenant. See Zankman v. Tireno Towers, 121 N.J. Super. 346 (Cty. D. Ct. 1972).
In Sniadach v. Family Finance Corp., supra, the Supreme Court of the United States invalidated a Wisconsin statute *512 which permitted an ex parte prejudgment wage garnishment. The court laid great stress on the nature of the property being seized (wages), and noted that such a taking may impose tremendous hardship on wage earners with families to support. 395 U.S. at 340, 89 S.Ct. 1820. Thus, the statute violated the guarantee of procedural due process. In D.H. Overmyer Co. v. Frick Co., supra, the court sustained an Ohio statute authorizing a cognovit, or confession-of-judgment provision, in a note providing for the entry of a judgment without notice upon default. The court stressed that it dealt with a "corporate-property-right case," 405 U.S. at 185, 92 S.Ct. 775, and that the corporation had "voluntarily, intelligently and knowingly waived the rights it otherwise possessed to prejudgment notice and hearing, and that it did so with full awareness of the legal consequences." Id. at 187, 92 S.Ct. at 783. In Fuentes v. Shevin, supra, the court, in a consumer situation, invalidated Florida and Pennsylvania statutes which authorized ex parte seizure by a creditor of personal possessions without hearing merely by the posting of a bond. The court held that, absent an extraordinary situation, a hearing is required before property is taken and that a subsequent hearing and a right to damages is not an adequate remedy, nor is the posting of a bond a sufficient protection or a "substitute for an informed evaluation by a neutral official." 407 U.S. at 83, 92 S.Ct. at 1996. The court further ruled that even a short deprivation of property violates the 14th Amendment. The fact that title to the goods under the conditional sales contract was in the creditor did not validate the taking since the possessory interest was entitled to protection. The Court also held that due process protects goods that are not necessities and that the debtors had not waived their constitutional rights by agreeing that the creditors could repossess the property.
It is apparent that a landlord distraining in New Jersey is constitutionally prima facie in a less favorable position than the creditors whose ex parte seizure rights were abrogated *513 in Fuentes, for he need not post a bond to distrain nor does he have a property interest in the goods and chattels. Further, it is hardly likely that a lease would provide for a distraint against specifically enumerated items.
As a result of the recognition of procedural due process in the repossession and distraint fields, courts have invalidated state statutes in these areas in the following cases: Gross v. Fox, 349 F. Supp. 1164 (E.D. Pa. 1972); MacQueen v. Lambert, 348 F. Supp. 1334 (M.D. Fla. 1972); Holt v. Brown, 336 F. Supp. 2 (W.D. Ky 1971); Klim v. Jones, 315 F. Supp. 109 (N.D. Cal. 1970); Collins v. Viceroy Hotel Corp., 338 F. Supp. 390 (N.D. Ill. 1972); Gibbs v. Titelman, 369 F. Supp. 38 (E.D. Pa. 1973). See also, Fuentes v. Shevin, supra, 407 U.S. at 72, 92 S.Ct. at 1990, 32 L.Ed.2d n. 5 at 565, collecting cases.
It thus follows that this court must grant plaintiff's motion because the statute is facially unconstitutional, unless a valid distinction may be drawn between residential and commercial property or unless a distraint is deemed not to involve "state action."
The Supreme Court of New Jersey has recognized the distinction between residential and commercial properties in landlord-tenant relationships. Thus, the covenant of habitability is implied in residential but not business leases. Marini v. Ireland, 56 N.J. 130 (1970); Berzito v. Gambino, 63 N.J. 460 (1973). Similarly, the court in Ellsworth Dobbs, Inc. v. Johnson, 50 N.J. 528 (1967), while generally invalidating brokerage agreements obligating the seller for a commission regardless of the fault of a nonsettling buyer, permitted such agreements upon a showing of equality of bargaining position. Presumably such a situation would more likely arise in the commercial than the residential field. Id. at 555-556. Thus, it might be argued that a knowledgeable tenant in his lease could eliminate his landlord's distress rights and therefore the court should infer in the absence of such a stipulation that distress is merely a portion of the *514 contract. However, such a position cannot be sustained consistent with the requirements of procedural due process in view of Fuentes v. Shevin, supra, which, at least within the classification of consumer goods, refused to distinguish necessities from other types of chattels, 407 U.S. at 88, 92 S.Ct. 1983 and D.H. Overmyer v. Frick Co., supra, which held that the procedural due process could not be inferentially waived. 405 U.S. at 187, 92 S.Ct. 775. Thus, since the right of distress exists as a matter of law in every nonresidential lease in New Jersey, absent contrary agreement it may not be held that tenants in a narrowly circumscribed group have voluntarily, intelligently and knowingly waived their rights to a pre-distress notice and hearing.
A second possible distinction toward upholding the distress statute has its genesis in the concept that procedural due process of law governs public not private action. In Messenger v. Sandy Motors, Inc., 121 N.J. Super. 1 (Ch. Div. 1972), the court sustained N.J.S.A. 12A:9-503 providing for self-help repossession of secured collateral. But Messenger is distinguishable in that the right to repossession arose pursuant to the agreement between the parties and thus was a creature more of contract than law. The right of distraint inheres in the landlord-tenant relationship and may be characterized s being imposed by the State both as to substantive right and procedure. Consequently, the process of distraint is hardly voluntary private conduct beyond the 14th Amendment. Although under the statute the initial action, the distraint itself, may be taken privately, if the tenant fails to proceed to seek to dissolve the distraint within ten days, the goods and chattels are inventoried and appraised with the assistance of public officers. N.J.S.A. 2A:33-9. See also, N.J.S.A. 2A:33-13. In the event of a surplus upon sale of the articles the proceeds are deposited with the sheriff or constable[1] for the benefit of the tenant. N.J.S.A. 2A:33-10. *515 Thus, Messenger is further distinguishable in that chapter 9 of the Uniform Commercial Code does not provide equivalent procedures for public involvement in the disposition of collateral. See N.J.S.A. 12A:9-501 to 507. The procedural requirements of a New Jersey distraint reflect active or direct state action since a public official acts in concert or on behalf of an individual in performing the act. See Gibbs v. Titelman, 369 F. Supp. 38, 47 (E.D. Pa. 1973); Compare James v. Pinnix, 495 F.2d 206 (5 Cir.1974), with Hall v. Garson, 430 F.2d 430 (5 Cir.1970); Santiago v. McElroy, 319 F. Supp. 284 (E.D. Pa. 1970).
It is true that Sniadach v. Family Finance Corp., supra; D.H. Overmyer Co. v. Frick Co., supra, and Fuentes v. Shevin, supra, all involved more direct state action since they dealt with judicial proceedings within the state court system. Nevertheless, the matter is one of degree and the state involvement in imposing as a matter of law the right of distraint and in involving its officers in the procedure is not permissible.
It consequently follows that insofar as chapter 33 of Title 2A authorizes distress for rents by landlords, the chapter is unconstitutional, and since the common law substantive right of distraint is governed by invalid procedural methods it may not be exercised in New Jersey. However, the procedure under N.J.S.A. 2A:33-5 is not deemed affected by this ruling. Further, this court expresses no opinion as to the validity of prior distraints since intervening vested rights may be involved. See Oxford Consumer Discount Co. v. Stefanelli, 104 N.J. Super. 512 (App. Div. 1969), aff'd 55 N.J. 489 (1970).
For the foregoing reasons the motion for partial summary judgment is granted.
NOTES
[1] The appointment of constables is provided for by N.J.S.A. 40A:9-120 through 127. See also In re Burroughs, 125 N.J. Super. 221 (App. Div. 1973). The sheriff is a constitutional officer. N.J. Const. (1947), Art. VII, § II, par. 2.