151 N.J. Super. 579 (1977)
377 A.2d 730
IN THE MATTER OF THE ESTATE OF WILLIE J. SHARP, DECEASED.
Superior Court of New Jersey, Chancery Division.
Decided July 12, 1977.
*580 Michael J. Nizolek for plaintiff (Backes and Backes, attorneys).
*581 George Warren, guardian ad litem, pro se.
MORTON I. GREENBERG, J.S.C.
On May 25, 1977 plaintiff Sara Craig offered for probate in this court in the common form the will of her son Willie J. Sharp, dated January 11, 1958, who had died January 18, 1977 a resident of Trenton, New Jersey. As to jurisdiction, see N.J.S.A. 3A:2-1; N.J. Const. (1947), Art. VI, § III, par. 2; Art. XI, § IV, par. 3; Rogazinski v. Rogazinski, 109 N.J. Super. 138 (Ch. Div. 1970). Her complaint recited that Sharp left no spouse surviving and that his heirs under the will and next of kin were plaintiff and an aunt and first cousin. The will itself was ambiguous and would, if probated, require judicial construction. For purposes of this opinion it is sufficient to indicate that under some circumstances any of the three persons could claim to be beneficiaries. The complaint set forth that decedent had one child born, now 14 years of age, after the execution of the will and that the child had been "born out of wedlock." At the time of the execution of the will decedent had no issue living and, except for the afterborn child, no children were later born to or adopted by him. Plaintiff did not consider the child an heir at law as the birth had been illegitimate. See N.J.S.A. 3A:4-7. Thus, plaintiff believed that N.J.S.A. 3A:3-10, which would have resulted in a total intestacy had the child been legitimate, was inapplicable.
Upon reading the complaint the court suggested the possible unconstitutionality of N.J.S.A. 3A:4-7 in light of Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31, decided April 26, 1977 by a 5-4 majority of the Supreme Court of the United States. Consequently, the beneficiaries were ordered to show cause why decedent should not be deemed to have died intestate. A guardian ad litem was appointed for the infant and notice was given the Attorney General. R. 4:28-4(a). Paternity is not disputed.
*582 There is a threshold question of justifiability. At oral argument counsel for plaintiff took no position on the constitutionality of N.J.S.A. 3A:4-7; rather, he submitted the matter on this point without argument but did contend that if N.J.S.A. 3A:4-7 were invalid, the will should nevertheless be probated for reasons discussed later. The Attorney General declined to participate at the trial level and no appearance was entered for the aunt and cousin. Thus, no litigant defends N.J.S.A. 3A:4-7. Nevertheless, the court is obliged to pass on the constitutional question. While litigation ordinarily requires a real adverseness between the litigants, Crescent Park Tenants Ass'n v. Realty Equities Corp., 58 N.J. 98 (1971), the court could hardly declare a statute unconstitutional by default, particularly when it has been sustained by the Appellate Division within the last year. See Dussell v. Dougherty, 145 N.J. Super. 363 (App. Div. 1976). Further, the will has been offered for probate and appropriate proofs of execution proffered. If the will is valid, it should be admitted to probate notwithstanding plaintiffs constitutional neutrality, since the interested parties have not settled any aspect of the case. See In re Seabrook, 90 N.J. Super. 553 (Ch. Div. 1966). Additionally, while the aunt and first cousin have defaulted, the court in a default case may decline to enter judgment against a defendant if liability is not established. R. 4:43-2(b); Douglas v. Harris, 35 N.J. 270, 276-277 (1961).
This court is of the view that the appropriate test for this case was recently announced in Dome Realty Inc. v. Paterson, 150 N.J. Super. 448 (App. Div. 1977):
Although a court should not engage in rendering advisory opinions on abstract issues, it should not avoid its responsibility to determine the validity of legislation which may significantly affect plaintiffs and others similarly situated.
[at 452]
The Supreme Court invoked a similar rationale in State v. Norflett, 67 N.J. 268 (1975), in entertaining a constitutional *583 challenge to the abortion laws though expressing serious doubts of the standing of defendant to raise the issue. The court felt that the public interest required that the matters involved be determined. Under all of the circumstances this court concludes that the matter is appropriate for determination.
N.J.S.A. 3A:3-10 provides:
A will, made when a testator had no issue living wherein any issue he might have is not provided for or mentioned, shall be void and the testator be deemed to die intestate if, at his death, he leave a child or issue or leave his wife enceinte of a child which shall be born.
This section does not distinguish between a legitimate and an illegitimate child. Yet, plainly, the purpose of the statute is to provide beneficially for the presumably overlooked afterborn child. In re Campbell, 71 N.J. Super. 307, 311 (Cty. Ct. 1961). Thus, if the child could not be a beneficiary of his intestate parent's estate, the statute would not apply. See N.J.S.A. 3A:4-2; N.J.S.A. 3A:4-4.
Under the common law an illegitimate child did not inherit from either intestate parent. Schmoll v. Creecy, 104 N.J. Super. 126 (App. Div. 1969), rev'd on other grounds 54 N.J. 194 (1969). But this rule has been modified by N.J.S.A. 3A:4-7 which provides that an illegitimate child for the purpose of descent and distribution shall be treated as legitimate with respect to his maternal ancestors, descendants and collaterals. But unless his parents marry and treat and recognize him as their child, he will not be considered the legitimate child of his father. Thus, an illegitimate child may not be deemed an afterborn child of his father within N.J.S.A. 3A:3-10 unless N.J.S.A. 3A:4-7 be declared unconstitutionally restrictive. See also, In re Thompson, 136 N.J. Super. 412 (Cty. Ct. 1975) and Dussell v. Dougherty, supra.
The Appellate Division in Schmoll v. Creecy, supra, considered whether an illegitimate child could be a *584 beneficiary of his father in a wrongful death action. Since the statute, N.J.S.A. 2A:31-4, assigned the recovery to the benefit of the persons who would inherit the personal property of decedent if he died intestate, the court felt obliged to consider the validity of N.J.S.A. 3A:4-7 and upheld it. On further appeal the Supreme Court reversed, holding that there are different policy considerations involved in distribution of an intestate's property as compared to a wrongful death recovery and that, as to the latter, legitimate and illegitimate children may share. Thus, the court did not pass on the validity of N.J.S.A. 3A:4-7. The Passaic County Court, on the authority of the Appellate Division decision in Schmoll v. Creecy and the subsequent decision of the Supreme Court of the United States in Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed. 2d 288 (1971), reh. den., 402 U.S. 990, 91 S.Ct. 1672, 29 L.Ed.2d 156 (1971), which sustained a Louisiana statute barring an illegitimate child from sharing in her intestate father's estate, denied an illegitimate child the right to share in his intestate father's estate. In re Thompson, supra. The Appellate Division again sustained N.J.S.A. 3A:4-7 in Dussell v. Dougherty, supra, this time on the authority of Labine v. Vincent.
However, these decisions upholding N.J.S.A. 3A:4-7 cannot survive Trimble v. Gordon, supra. There the Supreme Court of the United States on federal equal protection grounds invalidated an Illinois statute, Ill. Rev. Stat. c. 3, § 12 (1961), which in all material respects follow the formula of N.J.S.A. 3A:4-7 in allowing an illegitimate child to inherit from his mother but not from his father unless his parents marry and recognize the child. As the most recent expression of the Supreme Court of the United States Trimble v. Gordon is binding. This court notes the view of the four dissenting justices that that case is indistinguishable from Labine v. Vincent. See 430 U.S. at 776, 97 S.Ct. at 1468, 52 L.Ed.2d at 43. Further, the majority opinion noted that Labine v. Vincent "is difficult to place in the pattern of the Court's equal protection decisions, and subsequent *585 cases have limited its force as a precedent." See footnote 12 at 430 U.S. at 767, 97 S.Ct. at 1464, 52 L.Ed.2d at 37. Under these circumstances Labine v. Vincent may be treated as overruled. Thus N.J.S.A. 3A:4-7 is unconstitutional as violative of the Fourteenth Amendment to the Federal Constitution.
Since decedent died before Trimble v. Gordon was decided there is a retroactivity question. Certainly a decision of unconstitutionality may in an appropriate case be made prospective only. Pennsylvania v. Kervick, 60 N.J. 289 (1972). And prospective application may be particularly fair in a property case where persons have justifiably relied on prior law. See Oxford Consumer Discount Co. v. Stefanelli, 104 N.J. Super. 512 (App. Div. 1969), aff'd 55 N.J. 489 (1970); Van Ness Industries v. Claremont Painting and Decorating Co., 129 N.J. Super. 507 (Ch. Div. 1974). Thus, the court does not suggest that estates of intestate male decedents who died before Trimble v. Gordon were wrongfully distributed when illegitimate children were not included. Nor does the court suggest that if a testate male decedent died before Trimble v. Gordon and failed to mention or provide for an illegitimate child born after the execution of his will, that the will, if probated before Trimble v. Gordon, should have been treated as revoked in whole or in part under N.J.S.A. 3A:3-10 or N.J.S.A. 3A:3-11. Such cases must be decided on the facts as they may be presented. This court simply holds that where the death was before Trimble v. Gordon but the will was not offered for probate until after that case was decided, and where the will is so ambiguous that no beneficiary could have reasonably relied on its terms as to the receipt of any gift, Trimble v. Gordon should be applied.
The final issue is the consequence of the invalidation. Plaintiff cites Schmoll v. Creecy, supra, in which the Appellate Division in a dictum indicated that were N.J.S.A. 3A:4-7 unenforceable, an illegitimate child would be relegated to his common law status and be able to inherit from *586 neither intestate parent. 104 N.J. Super. at 137-138. Yet the Supreme Court on the further appeal in an analogous situation considered the overall legislative intent and would not let the wrongful death statute fall even though its class of beneficiaries had to be expanded to save it. 54 N.J. at 202-205. The approach of the Supreme Court does not seem consistent with the Appellate Division dictum. In this era of expanding legislative condemnation of discriminatory practices, including the forbidding of discrimination on the basis of ancestry under the Law Against Discrimination, the court believes that the Legislature would not want the court to deny to illegitimate children the rights granted under N.J.S.A. 3A:4-7. See N.J.S.A. 10:5-3; Hammond v. Pennsylvania R.R. Co., 31 N.J. 244 (1959). The legislative intent may be best observed by construing N.J.S.A. 3A:4-7 to include the right of an illegitimate child to inherit from his father as well as his father's ancestors, descendants and collaterals. Thus, the illegitimate child of a male decedent will be considered his issue within N.J.S.A. 3A:3-10. Accordingly, the will of Willie J. Sharp is denied probate.