498 So.2d 1346 (1986)
ALTAMONTE HITCH AND TRAILER SERVICE, INC., a Florida Corporation, and C.R. Foreman, Appellants,
v.
U-HAUL COMPANY OF EASTERN FLORIDA, a Florida Corporation, and Amerco, Inc., a Foreign Corporation Doing Business in the State of Florida, Appellees.
No. 85-1195.
District Court of Appeal of Florida, Fifth District.
December 11, 1986.
William L. Eagan and Stanton C. Brown, of Arnold, Matheny & Eagan, P.A., Orlando, for appellants.
*1347 J. Thomas Cardwell, Chris N. Kolos and Virginia B. Townes, of Akerman, Senterfitt & Eidson, Orlando, for appellees.
SHARP, Judge.
C.R. Foreman and Altamonte Hitch and Trailer Service, Inc. appeal from an order apportioning costs and attorney's fees against them after an appeal on the main action. The order appealed from was a $9,000.00 award for attorney's fees ($7,000.00 for trial work and $2,000.00 for appellate work), pursuant to our direction and remand.[1] We affirm as to the appellant, Altamonte Hitch and Trailer Service, Inc., but we reverse in part, and affirm in part, as to C.R. Foreman.
Appellants commenced this lawsuit by filing a complaint and an amended complaint against appellees. Involved in some of the counts were assertions that appellees had breached a lease agreement entered into between the parties. Thereupon appellees filed a counterclaim which contained one count based on the lease (Count III), in which appellee claimed past due rent and other sums due under the lease. After a trial, appellees prevailed on the lease and other counts, and appellants were denied any relief. This judgment was appealed and was affirmed.[2]
The lease was executed by both appellants and it provided for payment of attorney's fees by the "prevailing party." Appellees' answer failed to request an award of attorney's fees, although the appellees' counterclaim did so. However, the counterclaim was directed solely at Altamonte Hitch.
Although C.R. Foreman is listed as a plaintiff in the caption of the counterclaim, his name does not appear anywhere in the body as a person against whom relief was sought. The general rule is that the body of the complaint, and not the caption, determines who is a party to the action. Weavil v. Myers, 243 N.C. 386, 90 S.E.2d 733 (1956); Motor Credit Corp. v. Ray Guy's Trailer Court, Inc., 6 N.J. Super. 563, 70 A.2d 102 (1949); and Morisse v. Billau, 70 Ohio App. 215, 45 N.E.2d 798 (1941). The naming of an individual or entity in the caption is not a sufficient basis to warrant inclusion in the action if the party is not mentioned in the body of the complaint. It would seem that a similar rule applies to counterclaims.
It therefore follows that appellees failed to plead their right to be awarded attorney's fees against C.R. Foreman, based on the lease provision. In order to support an award of attorney's fees, when the right is based on a contract rather than a statute, the party entitled to such an award must specifically allege and request such an award. Brown v. Gardens by the Sea South Condominium Association, 424 So.2d 181 (Fla. 4th DCA 1983); Ocala Music & Marine Center v. Caldwell, 389 So.2d 222 (Fla. 5th DCA 1980). Since the award here could only be based on the contract, and the counterclaim was not sufficient to include Foreman personally, we must reverse the $7,000.00 award against him for attorney's fees at the trial level.
In order for an appellate court to make an award of attorney's fees for appellate work, a timely motion must be filed and there must be a legal substantive basis for the award.[3] There is no requirement that they be pled below.[4] Here, the substantive legal basis for such an award was the contract which provided for an award of attorney's fees to the prevailing party.[5] The amended final judgment, which was *1348 affirmed by us on appeal, indicates that appellees were the prevailing parties on both the complaint and the counterclaim. Even though Foreman was not properly made a party to the counterclaim,[6] he was clearly a proper party to the complaint. Therefore, under the language of the contract provision, and Florida Rule of Appellate Procedure 9.400(b), appellees are entitled to recover appellate attorney's fees as prevailing parties on the complaint, and prevailing parties on the main appeal. We therefore affirm the award of appellate attorney's fees in the sum of $2,000.00.
The award of costs of $566.40 is affirmed against both Foreman and Altamonte Hitch. Section 57.041, Florida Statutes (1983) provides that the party recovering judgment shall recover all his legal costs and charges. Since appellants were the parties recovering judgment on the complaint, they are entitled to this award.
REVERSED IN PART; AFFIRMED IN PART.
UPCHURCH, C.J., and DAUKSCH, J., concur.
NOTES
[1] Altamonte Hitch & Trailer Service, Inc. v. U-Haul Co. of Eastern Florida and Amerco, Inc., 483 So.2d 852 (Fla. 5th DCA 1986).
[2] Altamonte Hitch & Trailer Service, Inc. v. U-Haul Co. of Eastern Florida and Amerco, Inc., 468 So.2d 492 (Fla. 5th DCA), review denied, 476 So.2d 672 (Fla. 1985).
[3] Fla.R.App.P. 9.400(b) and Committee Note (b).
[4] Id.
[5] either party ... brings an action ... the prevailing party in any such action, on trial or appeal, shall be entitled to reasonable attorneys fees to be paid by the losing party as fixed by the court.
[6] Thus, appellees could be considered to be prevailing parties only against Altamonte Hitch and not Foreman on the counterclaim.