IN THE MATTER OF THE ADOPTION OF A., AN ADULT BY MR. AND MRS. C., PLAINTIFFS.

Essex County Court
Probate Division

Decided January 24, 1972.

*Mr. Edward Terner,* for plaintiffs.

FULOP, J. S. C. (temporarily assigned). This is an application for the adoption of an adult.

Mr. and Mrs. C., highly respectable religious people of apparently modest means, seek to adopt A., a 29-year-old man confined to the State Prison at Rahway, for a term of 10 to 20 years on conviction of murder. The C.'s adult son concurs and urges the adoption. All three testified to their love of A. and their desire to give him the assurance of a warm family feeling by adopting him. I have been informed that this procedure is part of a rehabilitation program sponsored by the Fortune Society.

There were prison disturbances at the time of the hearing of this matter, and A. was not permitted to attend the hearing. He signed a written consent to the adoption.

I have reviewed the presentence investigation report prepared by the Essex County Probation Department, before A. was sentenced. He is now 29, married, and has two children by that marriage. His record of involvement with the criminal law from 1960 to 1968 includes convictions for unauthorized use of a motor vehicle, impersonating a police officer, threatening, assault and battery, attempted arson, and the murder hereinafter referred to. Two charges of rape were disposed of in his favor. Charges of robbery and possession of a pistol were never disposed of.

In 1968, A. pleaded *non vult* to a charge of murdering his paramour, the crime for which he is now imprisoned. According to his account, she threatened to tell his wife about their relations because he lacked $10 to give the paramour for a new dress he had promised her. To quiet a loud outcry on her part in the cellar of the house in which he lived, he choked her, causing her death.

Plaintiffs testified that they know A.'s criminal record and nevertheless wish to adopt him. Two people of standing testified to plaintiffs' good character and the nobility of their

purpose. Several such persons have written me to urge approval of the adoption.

Plaintiffs' attorney argues that the court has no discretion to deny the adoption by reason of the background of the proposed adoptee.

The common law did not recognize the right of adoption; it exists solely by statute 21 A. L. R. 3d 1012, 1016; 2 *Am. Jur.* 2d, *Adoption,* § 2. The statutory provisions in this State with respect to adoption of adults consist of three sections, *N. J. S. A.* 2A:22–1, 2 and 3. The last section deals with the effect of adoption, particularly with respect to inheritance. *N. J. S. A.* 2A:22–2 prescribes that the adopting parents be at least 15 years older than the adoptee and that the latter consent in writing to be adopted. *N. J. S. A.* 2A:22–1 provides in relevant part as follows:

> \* \* \* the \* \* \* court, shall allow \* \* \* a husband and wife jointly to adopt an adult person and may change the name of the adult, if the court is satisfied that the adopting parent or parents are of good moral character and of reputable standing in their community, and that the adoption will be to the advantage and benefit of the person to be adopted.

The statute does not specify that the adoption may be refused if the adult sought to be adopted is not of good moral character or reputable standing. I have found no construction of the law in this connection. But it must be given a sensible construction. Both the adopting and the adopted parties are adults. The difference in age gives no assurance that the elders are shrewder or wiser than the younger. The adopted adult may cheat or otherwise take advantage of the adopting adults quite as much as the converse. The statute must be construed to place discretion in the court to refuse to sanction the adoption of an adult of bad character. It is the duty of the court to protect both parties.

Even assuming that the court lacks power to deny the adoption for lack of character qualifications of the proposed adoptee, the statute clearly prohibits the adoption unless it be "to the advantage and benefit of the person to be adopted."

■ This court is asked to give legal sanction to a situation with great potential for harm, with little justification in the necessities of the case. Plaintiffs have the right to treat the proposed adoptee as their son in all respects without adopting him. They may show him all of the love and affection they feel. They may leave him property by their wills. If there is any problem about being allowed to visit defendant in prison, an order may be made that they be given the same prvileges as are allowed parents and siblings. The law does not require or prohibit love or kindness. It deals only with legal rights and duties.

The proposed adoptee is a married man with two children. When he comes out of prison he and his family may well suffer great embarrassment by the creation of the proposed new relationship.

I am convinced that the legal adoption sought would not assist in the rehabilitation of A. to any mention-worthy extent, if at all more than the plaintiffs freely given affection and assistance may do. The proof fails to establish that "the adoption will be to the advantage and benefit of the person to be adopted."

The application is denied.