152 N.J. Super. 541 (1977)
378 A.2d 87
IN THE MATTER OF THE ADOPTION OF A CHILD BY A.R.
Superior Court of New Jersey, Union County Court, Probate Division.
August 24, 1977.
*542 Mr. Kenneth H. Williams, attorney for plaintiff.
DREIER, J.C.C.
Plaintiff A.R. is here seeking an order to set a combined preliminary and final adoption hearing. This matter has been presented to the court on an adoption complaint by plaintiff who is the natural father of S., a six-year-old boy who has been under the continuous care and custody of plaintiff since his birth on February 20, 1971. Plaintiff was engaged to the natural mother D. (now an incompetent) at the time the child was conceived. The maternal *543 grandmother of S. (the mother and guardian of D.) has reviewed the complaint and consents to the adoption.
The apparent reason behind this action is to counteract the effects of statutes such as N.J.S.A. 3A:4-7 and N.J.S.A. 9:2-13(f), 9:2-19 and 9:3-18(f) which collectively reflect legislative intent to exclude fathers of illegitimate children from the rights and obligations normally devolving upon parents of a legitimate child.[1] Although these statutes pose apparent constitutional[2] problems (see Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31, 38-40 (1977), In re Adoption of B., 152 N.J. Super. 546 (Cty. Ct. 1977)), in view of the court's disposition of this application, no such declaration need be made in this case, and the Attorney General has not been given notice under R. 4:28-4(a).
The relief prayed for in the complaint, that of adoption, is unnecessary in most respects, since under the above-cited cases plaintiff, as the natural father of S., has almost all of the rights and obligations of a parent of a legitimate child. For example, there should be no dispute at this time that an unwed father has the right to custody of his child as against the world with the exception of the mother of the child, except if the best interests of the child otherwise dictate. In re Guardianship of C., 98 N.J. Super. 474 (J.D.R. Ct. 1967); In re Adoption of B., supra, 152 N.J. Super. at 551. He has the right to notice and an opportunity to be heard before his parental rights are terminated (Stanley v. Illinois, supra), and has the right of intestate succession with respect to the child (Trimble v. Gordon, supra).
*544 In the event that plaintiff did not have custody of S., an application to the court would be required, after which a hearing would be held under Sorentino v. Family and Children's Society of Eliz., 72 N.J. 127 (1976); but such hearing is unnecessary here, since the child has been under the continuous care and supervision of plaintiff since his birth.
Insofar as an adoption would authorize a change in the child's birth certificate and "legitimize" the child, it should be noted that N.J.S.A. 26:8-39 provides that the birth certificate of a child does not disclose illegitimacy. In addition, although an adoption generally permits a birth certificate to be amended to show the name of the adoptive parent (N.J.S.A. 26:8-40.1), in this case the child already carries his natural father's surname, and his birth certificate so indicates.
The fact that the Legislature has not yet seen fit to conform New Jersey's statutes to the constitutional mandates of the above-cited Supreme Court cases would not be grounds for this court to perform what in effect would be a meaningless act, viz. to grant an adoption of a child by its own natural parent; but there is one effect that the adoption would have. N.J.S.A. 9:3-30(B) reads as follows:
The entry of a judgment of adoption shall establish the same relationships, rights, duties and obligations between the child and the adopting parent as if such child were born to such adopting parent in lawful wedlock. In applying the intestate laws of this State, an adopted child shall have the same rights of inheritance as if born to the adopting parent in lawful wedlock. In the construction of any testamentary or other document executed subsequent to the effective date of this act, an adopted child shall be deemed lawful issue of the adopting parent unless such document shall otherwise provide. [Emphasis supplied]
The first and second sentences of this section have no effect in this case, since plaintiff already is exercising parental rights, and Trimble v. Gordon, supra, governs intestate succession rights. The last sentence, however, provides the *545 one effect of the requested adoption. Collateral inheritance through the father would be changed by the adoption proceeding. Any bequest to the "lawful issue" of plaintiff would, by definition, exclude S. unless there was an adoption, or later marriage of plaintiff and defendant. N.J.S.A. 9:15-1. Since defendant is an incompetent who cannot contract a marriage, plaintiff's proposed adoption of S. is his sole method of preserving the child's collateral inheritance rights.
An additional problem is presented by this unique state of facts. Under the Adoption Act, N.J.S.A. 9:3-17 et seq., if this adoption is granted, the rights of the mother will not be preserved under N.J.S.A. 9:3-30(A), since plaintiff's not a "stepfather or stepmother [adopting with the] approval of the mother or father." These statutes, however, must be read against the peculiar factual setting of this case, and with an application of common sense. N.J.S.A. 9:3-33 states that the act is to be given "a liberal construction to give effect to the public policy in [N.J.S.A. 9:3-17]," namely, the protection of the children and the adoptive and natural parents. Defendant's incompetency (and resulting inability to marry plaintiff) should not deprive the child of inheritance rights from or through his mother. She can neither marry plaintiff nor join in the adoption complaint as a plaintiff, thus preserving (or rather recreating) inheritance rights under N.J.S.A. 9:3-30(B). The child should not be adversely affected by this state of affairs. Therefore, this court will interpret the term "stepfather" as including an acknowledged natural father, and thus preserve the rights and relationship between the child and his mother. Cf. E. v. T., 124 N.J. Super. 535, 542-543 (J. & D.R. Ct. 1973). Since the mother's consent also is required, this court will accept the consent of defendant's legal guardian in lieu thereof.
The court will sign the requested order to set a combined preliminary and final hearing, applying the procedures set forth in this opinion.
NOTES
[1] Cf. R. 4:94-4(b), last sentence, which excludes fathers of illegitimate children from the definition of "natural parents" insofar as notice of a preliminary hearing is concerned.
[2] See In re Estate of Sharp, 151 N.J. Super. 579 (Ch. Div. 1977).