193 N.J. Super. 33 (1983)
471 A.2d 1220
IN THE MATTER OF THE ACTION OF M. FOR THE ADOPTION OF P., AN ADULT.
Superior Court of New Jersey, Probate Division Bergen County.
Decided November 10, 1983.
*35 John P. Gillespie for plaintiff (Ferguson, Young and Gille, attorneys).
SORKOW, J.S.C.
An unmarried 29-year-old male plaintiff seeks to adopt his 19-year-old unmarried male first cousin.
Plaintiff lives in appropriate and adequate quarters with his 18-year-old sister. He is and has been employed for the past three years as an assistant professor of economics at a local university. The subject adoptee is a Greek national currently in this country on a student visa. He is a full time student at the university where plaintiff teaches. The adoptee presently lives in the school dormitory. If plaintiff's application is approved, he would move out of the dormitory into plaintiff's apartment.
The court further finds that the families of the two young men are very close to each other, notwithstanding plaintiff's parents living in this country and the adoptee's parents continuing to live in Greece. The natural parents of the adoptee have, in writing, consented to the proposed adoption. The adoptee testified that he understands a judgment of adoption will terminate his legal relationship with his natural parents. Plaintiff understands that the adoptee would have all the legal rights of a natural born child including the rights of support and inheritance. Plaintiff says he is willing and able to provide economic and emotional support for the adoptee. There is satisfactory proof before the court attesting to plaintiff's good moral character and reputation at the university and in the community. Plaintiff and adoptee both assert that a judgment of adoption will permit them to have a close and supportive relationship for the time that the adoptee remains in the United States.
*36 Two final facts are instructive and create the question to be addressed to the court's discretion. The primary reason for this adoption is to obtain a tuition-free college education for the young man, a privilege allowed to children of university faculty members. It is established that upon completion of his college education, the adoptee intends to return to his native Greece.
The issue presented is whether the reason submitted for this adult adoption is appropriate pursuant to the statute.
Adoption is the means by which the relationship and legal status of parent and child is created between persons who are not so related by natural means. Although the practice is of ancient origin, there is no right to adoption under common law. Thus, any right to adopt a child or adult not one's own exists only by virtue of statute. The New Jersey Legislature, in enacting N.J.S.A. 2A:22-1 et seq., expressly provided for the adoption of adults by persons of good moral character and of reputable standing in their community, who are at least ten years older than the person to be adopted. The adoptee must request the adoption, which the court must find to be to the advantage and benefit of the person to be adopted.
As noted, plaintiff has satisfied the statutory requirements of age and character. However, the court finds that the only advantage or benefit to the prospective adoptee is the economic privileges that he would gain at the university by virtue of being a professor's son. Strictly and narrowly construed, this is a benefit to the person to be adopted and the statutory requirements appear to be fulfilled. However, this court finds that the use of the adoption process by plaintiff and the adoptee profanes the legislative intent. The adoption statute must be construed to allow discretion in the court to deny an adoption which has as its primary purpose financial gain at the expense of an innocent third party. See In Re Adoption of A, 118 N.J. Super. 180 (Cty.Ct. 1972). The statute is concerned with the relation, status and legal effect of adoption, all of which bear on the essential public interest as well as individual rights. *37 In Re Holibaughs Will, 33 N.J. Super. 232 (Cty.Ct. 1954), aff'd 18 N.J. 229 (1955). In construing the statute, the court cannot ignore the public interest and the effect that the adoption would have on third parties. The purpose of this act was to permit adults who are qualified to enter a contract to obtain the sanction of law to enter into a mutually beneficial adoptive relationship. Sponsor Statement, Senate Bill 60 (1925). Normally, a contract affects only the parties to the contract. Here, the parties are trying, in effect, to contract to have a third party, the university, assume the financial responsibility for one of the parties' education. This court finds no authority showing the intent of the Legislature to provide legal approval for such a relationship or purpose. Indeed, it appears that here the benefit flows to the adoptee from a third party.
The court is not unaware that the general approach in other states has been to de-emphasize the benefits to the parties and the motive for adoption when the adoptee is an adult, simply requiring the formalities of the applicable statute be fulfilled. 54 Cornell L.Rev. 566 (1969). The New Jersey courts, however, have been mindful of the possibility of fraud. Although no reported case has denied an adoption on the basis of fraud, the courts have denied inheritance by an adult adoptee where the adoption amounted to an abuse of the will and fraud. In re Griswold, 140 N.J. Super. 35 (Cty.Ct. 1976). In In re Estate of Comly, 90 N.J. Super. 498 (Cty.Ct. 1966), the court said that the policy of placing an adoptee on a level with a natural child should not be used to permit the adoption of adults for the sole purpose of giving an interest in property. So too, it would be an abuse of process and contrary to the intended legislative policy to allow this adoption for the primary purpose of obtaining the benefits offered to children of university professors.
The parties state they would like the adoption in order to maintain a close familial relationship while the adoptee is studying in the United States. This can be accomplished without an adoption. See In re Adoption of A., supra. The young adult can still move in with plaintiff, who can provide him with love *38 and economic and emotional support. In Griswold the court noted that a secondary motive such as is asserted here does not detract from the fraudulent motive.
In light of the fact that the adoptee does not plan to remain in the United States, but rather plans to return to his natural family in Greece, leaving the adoptive father here, the court finds the proposed adoption to be transitory, without bona fides and with no apparent permanent purpose. Furthermore, it is potentially harmful to the prospective adoptee. The adoption severs all rights, privileges and obligations due to and from the natural parents, except the right of the adoptee to inherit from his natural parents. At the end of the adoptee's four years or so of study at the university, he will return to his natural family, having severed his legal relationship with them under United States law and possibly under Greek law.
The court concludes that it would be an abuse of its discretion to grant the adoption requested because the sole advantage and benefit to the prospective adoptee would promote what amounts to a fraudulent aim.
Plaintiff's petition is therefore denied.