243 N.J. Super. 651 (1990)
581 A.2d 123
IN THE MATTER OF THE ADOPTION OF AN ADULT BY G.V.C.
Superior Court of New Jersey Chancery Division Bergen County, Family Part.
Decided June 11, 1990.
*652 Sam Z. Mallin, for plaintiff.
KRAFTE, J.S.C.
The issue before this court is whether a natural father may adopt his own adult child. This court finds nothing in the law or public policy of this state which precludes such an adoption.
The facts here are somewhat unique. D. was born on December 20, 1961. His birth certificate names M.S. as his mother and J.S. as his father. The petitioner, G.V.C., is named on the Baptismal Certificate, dated April 2, 1962, as the godfather. It has now been revealed, and this court is satisfied, that the petitioner had been involved in an extra-marital affair with M. and that he is actually the biological father of D. Both Mr. and Mrs. S. have been deceased since 1980 and the petitioner and his son have since developed a strong relationship with each other, the culmination of which is reflected in this complaint for adoption.
*653 There is neither statute nor case law in this State which speaks directly to the issue at hand. Adoption is usually "the means by which the relationship and legal status of parent and child is created between persons who are not so related by natural means." In re Adoption of P., 193 N.J. Super. 33, 37, 471 A.2d 1220 (Law Div. 1983). While there is evidence that petitioner is the adoptee's natural parent, and there is nothing to contradict same, there also exists no document which gives the relationship the legal credibility the parties are now seeking. The right to adopt, either an infant or an adult, is available only by statute and is not a creation of the common law. Ibid.; A.L. v. P.A., 213 N.J. Super. 391, 396, 517 A.2d 494 (App.Div. 1986).
New Jersey's adoption law, in general, is liberally construed to give due regard to the right of all persons affected. N.J.S.A. 9:3-37. Petitioner is 66 years old, divorced, with no other children. D. now 27, is married with no children presently. His wife fully consents to the adoption and the name change ordered by the judgment. The parents who raised D. are not living. Thus, this court finds that all interested persons have been considered and will not be adversely affected by the decree.
Adult adoption is governed by statute in New Jersey and allows a person of full age "to adopt an adult person and may change the name of the adult, if the court is satisfied that the adopting parent or parents are of good moral character and of reputable standing in the community, and that the adoption will be to the advantage and benefit of the person to be adopted." N.J.S.A. 2A:22-1. There is no question that these standards are met here, along with the other statutory requirements that the adopting parent be more than ten years older than the adoptee and that the adoptee must request the adoption. The language of the statute reflects the public policy of the state which permits the adoption between consenting persons, with the ability to enter a contract, when there is a strong benefit to *654 be gained. The emphasis on good moral character would indicate the legislature's interest in avoiding adoptions based on sham or fraud. In re Griswold, 140 N.J. Super. 35, 354 A.2d 717 (Cty.Ct. 1976); In re Adoption of A, 118 N.J. Super. 180, 286 A.2d 751 (Cty.Ct. 1972).
The fact that the adopting parent is also the biological parent, though unnamed on the original birth certificate and not otherwise so adjudicated, is of no moment. What could be a more decisive declaration of mutual obligation than this judgment of adoption?
Both the petitioner and adoptee shall have conferred upon them all the rights, privileges and obligations between them as if "the person adopted had been born to them in lawful wedlock, including the right to take and inherit intestate personal and real property from and through each other." N.J.S.A. 2A:22-3c. An adult adoption is distinguished from an infant adoption in that the right of the adult person adopted "to take and inherit intestate personal and real property from his natural parents and their kindred shall not be altered by the adoption," while an infant adoption terminates all relationships between the natural parents and the child, along with the rights, duties, and obligations. N.J.S.A. 2A:22-3a; N.J.S.A. 9:3-50; In the Matter of Nicol's Estate, 152 N.J. Super. 308, 377 A.2d 1201 (App.Div. 1977).
Since D. is an adult and his natural mother and legal father are both deceased and there are no apparent ongoing estate questions, the statute has no adverse impact in this particular case. It is also of note that the statute affords protection to third persons by not allowing the adoptee to take any property "expressly limited by a will or any other instrument to the heirs of the body of the adopting parent." N.J.S.A. 2A:22-3a. As stated above, petitioner has no other children presently, and by virtue of his age, will most likely have none in the future. At any rate, their rights would be protected by statute. There is nothing in the statute which could not be applied to this factual *655 context where the adopting person is also the natural parent, thereby providing no basis for precluding the adoption.
Adoption by a natural parent has been considered before by courts when the child was born out of wedlock and the father has had an ongoing custodial responsibility for the infant. In re Adoption of A.R., 152 N.J. Super. 541, 378 A.2d 87 (Cty. Ct. 1977). However, that case is not precisely on point since the adult child here had been born during the marriage of his mother to Mr. S and was thereby presumptively legitimate. Nonetheless, the petitioner/father is a parent in the eyes of the law. "`Parent' shall mean a natural parent or natural parents, including the father of the child born out of wedlock, who has acknowledged the child." N.J.S.A. 9:3-38f.
Other jurisdictions, when faced with this issue and no contravening statute, have upheld the right of the natural parent to adopt. Petition of Curran, 314 Mass. 91, 49 N.E.2d 432 (Sup.Jud.Ct. 1943); McDonald v. Hester, 115 Ga. App. 740, 155 S.E.2d 720 (1967); Bridges v. Nicely, 304 Md. 1, 497 A.2d 142 (Ct.App. 1985). The Uniform Adoption Act, although not ratified by New Jersey, expressly permits an adoption by the unwed parent of a child. Unif. Adoptions Act § 3, 9 U.L.A. 20 (1971).
There is no substantive nor public policy reason for this court to deny this petition for adoption. Thus, this court holds that the petitioner's status as the natural parent of the adoptee shall not bar the entrance of a judgment of adoption.