**In re Rachel Rene Kolesar**

*Kim C. Kesner,* for Richard and Beverly Bailor.
*Joseph Buckley,* for William and Mary Jane Sherman.

REILLY, *P.J.,* February 11, 1992—In the above-captioned adoption proceedings the petitioners are William and Mary Jane Sherman of Curwensville, Pa., age 40 and 39 respectively. They are not blood relations to the proposed adoptee, Rachel Bailor Kolesar, who will be 22 in April of this year. Rachel's natural parents, Richard and Beverly Bailor are also residents of Curwensville and testified at the hearing that they do not consent to the adoption. Rachel resides with her husband, Jonathan, in the Borough of Ramey, also located in Clearfield County.

There are two issues before this court. First, under the circumstances here, in view of the fact that the proposed adoptee has reached her majority, does the court have discretion as to whether to grant the adoption and second, if so, how should that discretion be exercised in the instant case.

This court is of the opinion that it does have discretionary powers under these circumstances and, therefore, will exercise its discretion in dismissing the petition.

With regards to consents necessary to adoption, paragraph 2711 of the Adoption Act (23 Pa.C.S. §2711) states as follows:

"(a) *General Rule*

"Except as otherwise provided in this part, consent to an adoption shall be required of the following...

"(3) the parents or surviving parent of an adoptee who has not reached the age of 18 years.

"Paragraph 2713 of the same Act provides when other consents are not required and states:

"The court, in its discretion, may dispense with consents other than that of the adoptee to a petition for adoption when:

"(1) the adoptee is over 18 years of age."

Reading these two sections together, it is clear that consent to an adoption is required from parents of an adoptee who has not reached the age of 18 years unless said parental rights have otherwise been terminated. However, where the adoptee is over 18 years of age, the court, in its discretion, *may* dispense with consents from the natural parents.

Thus, in the instant case this court is of the opinion that the converse is also true and that in the exercise of its discretion the consents of the natural parents to the proposed adoption may be required and if so required and not given, the adoption must be refused.

Having determined this, the second issue than arises. How should the court exercise its discretion under the present circumstances. In the instant case, the record reveals that Mr. and Mrs. Bailor, the natural parents of Rachel, raised her until her 18th birthday at which time she voluntarily left the home. It further appears that during at least the last several years of Rachel's residence with her natural parents, conflicts arose in the relationships between parents and child. These conflicts, in the view of this court, were due to the Bailors' efforts to raise Rachel in accordance with their fundamentalist religious views which probably resulted in significantly more parental control than was exerted on most other children of Rachel's age. In resentment

of this, Rachel indicated her intentions to leave the home upon reaching her 18th birthday, which she did and after a relatively short period of time took up residence with the petitioners herein, Mr. and Mrs. Sherman. Rachel lived with the Shermans from about October 1988 until her marriage to Jonathan Kolesar.

This court is of the opinion that all parties hereto are fine upstanding citizens and that their motives are only of the highest. While the Bailors may have difficulty expressing it, this court is satisfied that they love their daughter and wish to retain a parent-child relationship. Likewise, the Shermans are acting out of love for Rachel and a desire to see her declared their legal daughter. While Rachel's motives are somewhat more obscure, this court can find no reason to doubt the genuineness of her love for the Shermans.

Despite all this, the court cannot overlook the years of sacrifice and training that the Bailors have provided from Rachel's birth to her 18th birthday. There is no such thing as a perfect parent and certainly in some respects the Bailors were not, but nevertheless, they have done nothing to require them to forfeit their position as natural and legal parents of Rachel.

Moreover, an adoption here will neither add nor detract from the relationship that can exist between Rachel and the Shermans. Clearly, they can each show the other such love and affection as may exist between them. They can, by preparation of wills, create whatever inheritance they desire in the other party and this court sees no legal rights that would be created by an adoption that cannot otherwise be obtained. While there apparently are no Pennsylvania cases dealing with a similar situation, this court looks to the opinion rendered in the New Jersey Superior Court *In the Matter of the Adoption of A., an adult by Mr. & Mrs. C.,*

118 N.J. Super. 180, 286 A.2d 751 (1972) wherein the court stated:

"This court is asked to give legal sanction to a situation with great potential for harm, with little justification for the necessities of the case. Plaintiffs have the right to treat the proposed adoptee as their son in all respects without adopting him. They may show him all of the love and affection they feel. They may leave him property by their wills.... The law does not require or prohibit love or kindness. It deals only with legal rights and duties."

While the facts in the above cited case are clearly distinguished from those of the instant case and while the court does not feel there is great potential for harm here, nevertheless, the facts of this case persuade this court that any good to be accomplished by an adoption is far outweighed by policy considerations to the contrary. In addition to those reasons listed above is the fact that should an adoption here be granted, the Bailors could lose any rights they may enjoy as grandparents should their daughter have children. For all of the above reasons, this court is of the opinion that in this particular case there is no necessity or compelling benefit for an adoption and this court will exercise its discretion in denying the same.

Wherefore, the court enters the following

ORDER

Now, February 11, 1992, following hearing into the above-captioned petition for adoption, and the natural parents of the adoptee having objected thereto, it is the order of this court that said petition be and is hereby dismissed.